# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| GLOBAL MILITARY PRODUCTS,<br>*Plaintiff*,<br>v.<br>TRIPWIRE SOUTH, LLC, *et al.*,<br>*Defendants*. | **Case No. 8:25-cv-02731-JLB** |

**OBJECTIONS TO TRIPWIRE SOUTH, LLC'S**
**SUBPOENA DUCES TECUM IN A CIVIL ACTION**

Non-Party Astor Defense, LLC ("Astor") submits the following objections to Tripwire South, LLC's ("Tripwire") subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action, dated March 23, 2026 (the "Subpoena"). The Subpoena was served on March 24, 2026 upon Astor's registered agent, Cogency Global, Inc., which located at 115 N. Calhoun Street, Suite 4, Tallahassee, Florida 32301 (*i.e.*, in the Northern District of Florida). The Subpoena demand that documents be produced on April 10, 2026 at the office of Tripwire's counsel, Taft Stettinius & Hollister LLP, located at 525 Okeechobee Blvd, Suite 900, West Palm Beach, Florida 33401 (*i.e.*, in the Southern District of Florida).

**ENUMERATED OBJECTIONS**

Astor objects to the Subpoena and the individual requests in the Subpoena (each a "Request") as follows:

1. Astor objects on the grounds that the Subpoena is invalid and improper because its location of compliance violates FRCP 45's 100-mile limit. Fed. R. Civ. P. 45(c)(2)(A); *Haniff v. Clear Blue Ins. Co*., 2024 WL 4605974, at *1 (M.D. Fla. Oct. 29, 2024) (noting lack of identified "authority for the proposition that the production of documents can be made to an email address

to avoid application of the 100-mile geographical limit rule."); *Dou v. Carillon Tower/Chicago LP*, 2020 WL 5502345, at *2 (N.D. Ill. Sept. 11, 2020) (explaining that an "exception under which documents that can be produced via email are not subject to the rule's geographical limitations would entirely swallow the '100-mile rule' set forth within Rule 45."); *In re Highground Holdings, LLC*, 2022 WL 4593088, at *3 (M.D. La. Sept. 29, 2022) (same); *Wane v. Diallo*, 2020 WL 13413993, at *2 (M.D. Fla. Dec. 14, 2020) (denying motion to compel where compliance was required outside of "Rule 45's 100-mile limit" and holding "[t]his defect alone renders Wane's subpoena infirm"); *Clay v. IH4 Prop. Fla., L.P.*, 2020 WL 8918875, at *1 (M.D. Fla. July 2, 2020) (holding "subpoena," which required compliance beyond 100 miles, "violate[d] the applicable rule and is improper"); *Progressive Emu Inc. v. Nutrition & Fitness Inc.*, 785 F. App'x 622, 628 (11th Cir. 2019) (per curiam) (quashing subpoena for failure to comply with Rule 45(c)'s 100-mile rule).

2. Astor objects on the grounds that the Subpoena does not provide Astor sufficient time to comply. Fed. R. Civ. P. 45(d)(3)(A)(i). In this regard, Astor is still in the process of analyzing the Subpoena and reserves its right to supplement its following responses and objections as necessary, including without limitation, privilege and other privileged-based objections.

3. Astor objects to the Requests on the grounds that they call for disclosure of documents and information not relevant to the claims or defenses of any party, seeks documents and information not relevant to the subject matter of this action, and in that they are not reasonably calculated to lead to the discovery of admissible evidence. *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322 (11th Cir. 2020).

4. Astor objects to the Requests on the ground that it is overly broad and unduly burdensome, and that complying with the Request would impose a substantial expense and undue burden on Astor that is disproportionate to Tripwire's need for the information in connection with

the action. Fed. R. Civ. P. 45(d)(3)(A)(iv). In this regard, Astor will seek its fees and costs associated with complying with the Subpoena, assuming the Subpoena is valid and enforceable which it is not.

5. Astor objects to the Requests on the ground that they seek information that can be obtained from some other source that is more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i).

6. Astor objects to the Requests on the ground that they are redundant and duplicative of other Requests.

7. Astor objects to the Requests on the grounds that they seek information not in Astor's possession, custody or control, or to the extent that they seek to impose discovery obligations on non-parties.

8. Astor objects to the Requests on the grounds that they call for the disclosure of information that represents or contains confidential, proprietary, and/or personal information and/or information protected by rights of privacy.

9. Astor objects to the Requests on the grounds that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Astor hereby claims all such privileges, immunities, and protections to the extent implicated by each Request. Any disclosure of information subject to any claim of privilege, immunity, or protection is inadvertent, and without waiver of Astor's rights to recall and retrieve such inadvertently disclosed information.

10. Astor objects to the Definitions and Instructions to the extent they purport to impose obligations contrary to, different from, or in addition to those set forth in the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure of the United States District Court for the

Middle District of Florida, the United States District Court for the Southern District of Florida, and other applicable rules and laws.

11. Tripwire defines "Astor Defense LLC" as "Astor Defense LLC, a Delaware limited company authorized to do business in Florida, including any parent, subsidiary, affiliate, division, officer, director, employee, agent, or contractor acting on its behalf." Astor objects to the extent that the Definition, and each Request using such Definition, imposes obligations contrary to, different from, or in addition to those set forth in the Federal Rules of Civil Procedure, including but not limited to the fact that the documents of a "parent, subsidiary, affiliate, [or] division," are not in the possession, custody or control of Astor, and that obtaining such documents would impose an undue burden and prejudice on Astor, among others.

**TERMS AND CONDITIONS**

Astor provides responses to each Request subject to the foregoing Enumerated Objections, the specific objections stated below, and the following terms and conditions:

1. The following responses are made solely for the purpose of this action.

2. Inadvertent production of any information that is confidential, privileged, was prepared in anticipation of litigation or for trial or is otherwise protected from discovery, shall not constitute a waiver of any privilege or of any ground for objection to discovery with respect to such information, document or any other document or information, or the subject matter thereof or the information contained therein, or of the right of Astor to object to the use of any such document or information.

3. That Astor has responded or objected to the Request, or to any part thereof, is not intended to be, nor should it be deemed, an admission that it accepts or admits the existence of any alleged fact or documents described or assumed, or any allegations or statements set forth, assumed

or implied, by any individual Request, or that such response or objection constitutes admissible evidence.

4. In responding to the Request, Astor neither waives nor intends to waive, but expressly reserves, every part of every objection to the Requests and reserves any and all objections as to authenticity, relevance, competency, materiality and/or admissibility at trial or any hearing of any information produced, set forth, identified, or referred to herein.

5. Any statement that Astor will produce documents, and any objection or lack thereof in response to any individual request, definition, or instruction is not a representation that any responsive, non-privileged documents actually exist within Astor's custody, possession, or control, but rather that Astor will make a good faith and reasonable search and attempt to ascertain whether such documents exist.

6. Any statement that Astor will produce documents "subject to" or "limited by" an objection or objections means that the production is limited by the objection or objections, and that documents falling within the objection or objections are not being produced.

7. Astor conditions its production of documents (if any) in response to the Requests upon the entry of a protective order, or other agreement, to govern the protection, use and confidentiality of such document(s).

## SPECIFIC RESPONSES AND OBJECTIONS

The foregoing Enumerated Objections and the foregoing Terms and Conditions apply to the specific requests and are incorporated in the specific responses and objections set forth below. In response to certain requests, Astor may restate one or more of its objections for clarity or emphasis. The lack of such specific references and/or the provision of specific responses and objections stated below, however, are not intended as, and shall not be deemed to be, a waiver, either in whole or in

part, of any of the foregoing Enumerated Objections or Terms and Conditions, and, subject to and without waiving them, Astor further responds and objects to each individual Request as follows:

**REQUEST NO. 1:**

All documents relating to any payments, transfers of funds, reimbursements, advances, or other monetary transactions between Astor Defense and Tripwire.

**RESPONSE TO REQUEST NO. 1:**

Astor objects to Request No. 1 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 7, 8, 9 and 11. In addition, and for clarity, Astor objects on the grounds that this Request is overly broad, vague, ambiguous and unduly burdensome in that it seeks documents "relating to" "payments, transfers of funds, reimbursements, advances, or other monetary transactions." Additionally, for clarity, Astor objects on the grounds that this Request is unduly burdensome and not proportionate to Tripwire's need for the information in connection with the action because Tripwire seeks information that can be obtained from another source (*e.g.*, Tripwire itself, which is a party to the action) that is more convenient and less burdensome.

**REQUEST NO. 2:**

All bank records, wire confirmations, ACH records, payment advices, deposit records, withdrawal records, and transaction histories reflecting funds received from or transmitted to GMP.

**RESPONSE TO REQUEST NO. 2:**

Astor objects to Request No. 2 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 7 and 8. In addition, and for clarity, Astor objects on the grounds that this Request is unduly burdensome and not proportionate to Tripwire's need for the information in connection with the action because Tripwire seeks information that can be obtained from another source (*e.g.*, GMP itself, which is a party to the action) that is more convenient and less burdensome.

**REQUEST NO. 3:**

All documents relating to any escrow arrangements, pass-through accounts, intermediated payments, offsets, holdbacks, or redirection of funds involving GMP and Astor Defense.

**RESPONSE TO REQUEST NO. 3:**

Astor objects to Request No. 3 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 7, 8, 9 and 11. In addition, and for clarity, Astor objects on the grounds that this Request is overly broad, vague, ambiguous and unduly burdensome in that it seeks documents "relating to" escrow arrangements, pass-through accounts, intermediated payments, offsets, holdbacks, or redirection of funds." Additionally, for clarity, Astor objects on the grounds that this Request is unduly burdensome and not proportionate to Tripwire's need for the information in connection with the action because Tripwire seeks information that can be obtained from another source (*e.g.*, GMP itself, which is a party to the action) that is more convenient and less burdensome.

**REQUEST NO. 4:**

All communications between Astor Defense and GMP relating to payments, financial arrangements, Tripwire, or performance, suspension, or alteration of obligations relating to Tripwire.

**RESPONSE TO REQUEST NO. 4:**

Astor objects to Request No. 4 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 7, 8 and 11. In addition, and for clarity, Astor objects on the grounds that this Request is overly broad, vague, ambiguous and unduly burdensome in that it seeks documents "relating to" escrow arrangements, pass-through accounts, intermediated payments, offsets, holdbacks, or redirection of funds." Additionally, for clarity, Astor objects on the grounds that this Request is unduly burdensome and not proportionate to Tripwire's need for the information in connection

with the action because Tripwire seeks information that can be obtained from another source (*e.g.*, GMP itself, which is a party to the action) that is more convenient and less burdensome.

**REQUEST NO. 5:**

All communications between Astor Defense and Tripwire relating to payments, performance, or financial arrangements involving GMP.

**RESPONSE TO REQUEST NO. 5:**

Astor objects to Request No. 5 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 7 and 11. In addition, and for clarity, Astor objects on the grounds that this Request is overly broad, vague, ambiguous and unduly burdensome in that it seeks documents "relating to" payments, performance, or financial arrangements." Additionally, for clarity, Astor objects on the grounds that this Request is unduly burdensome and not proportionate to Tripwire's need for the information in connection with the action because Tripwire seeks information that can be obtained from another source (*e.g.*, Tripwire itself, which is a party to the action) that is more convenient and less burdensome.

**REQUEST NO. 6:**

All internal Astor Defense communications relating to payments, transfers of funds, or financial arrangements involving GMP that reference Tripwire or the subject matter of this action.

**RESPONSE TO REQUEST NO. 6:**

Astor objects to Request No. 6 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 7, 8, 9 and 11. In addition, and for clarity, Astor objects on the grounds that this Request is overly broad, vague, ambiguous, and unduly burdensome in its use of the term "relating to" "payments, transfers of funds, or financial arrangements."

**REQUEST NO. 7:**

All documents relating to any instruction, request, or inducement received from GMP concerning the timing, amount, routing, or handling of payments relating to Tripwire.

**RESPONSE TO REQUEST NO. 7:**

Astor objects to Request No. 7 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 7, 8 and 9. In addition, and for clarity, Astor objects on the grounds that this Request is overly broad, vague, ambiguous in its use of the terms "relating to," "any instruction, request, or inducement," "concerning," and "timing, amount, routing, or handling of payments." Astor further objects, for clarity, on the grounds that the use of "relating to" and "concerning" makes this Request unduly burdensome. Additionally, for clarity, Astor objects on the grounds that this Request is unduly burdensome and not proportionate to Tripwire's need for the information in connection with the action because Tripwire seeks information that can be obtained from another source (*e.g.*, GMP itself, which is a party to the action) that is more convenient and less burdensome.

**REQUEST NO. 8:**

All documents relating to any change in Astor Defense's payment practices, invoicing, or financial routing involving GMP occurring on or after January 1, 2025.

**RESPONSE TO REQUEST NO. 8:**

Astor objects to Request No. 7 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 7, 8, 9 and 11. In addition, and for clarity, Astor objects on the grounds that this Request is overly broad, vague, ambiguous in its use of the terms "relating to," "any change" and "payment practices, invoicing, or financial routing." Astor further objects, for clarity, on the grounds that the use of "relating to" and "involving" makes this Request unduly burdensome. Additionally, for

clarity, Astor objects on the grounds that this Request is unduly burdensome and not proportionate to Tripwire's need for the information in connection with the action because Tripwire seeks information that can be obtained from another source (*e.g.*, GMP itself, which is a party to the action) that is more convenient and less burdensome.

**<u>REQUEST NO. </u>9:**

All communications between Astor Defense and Astor Limited, Astor Defence Limited, and/or Henry Turnball.

**<u>RESPONSE TO REQUEST NO. </u>9:**

Astor objects to Request No. 7 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 7, 8, 9 and 11. In addition, and for clarity, Astor objects on the grounds that this Request is overly broad, vague, ambiguous in its use of the terms "relating to," "any change" and "payment practices, invoicing, or financial routing." Astor further objects, for clarity, on the grounds that the use of "relating to" and "involving" makes this Request unduly burdensome. Additionally, for clarity, Astor objects on the grounds that this Request calls for the disclosure of documents and information not relevant to the claims or defenses of any party in this action, seeks documents and information not relevant to the subject matter of this action, and the Request is not reasonably calculated to lead to the discovery of admissible evidence. Astor further objects on the grounds that this Request is harassing and is being used to obtain documents and communications relevant to other disputes, not this action.

Dated: April 7, 2024

Respectfully submitted,

/s/ *Aaron S. Weiss*

Aaron S. Weiss (FBN 48813)
aweiss@carltonfields.com
Carlton Fields, P.A.
700 NW 1st Avenue, Suite 1200
Miami, FL 33136
Tel: 305-530-0050

Tyler J. Goss
Tyler.Goss@withersworldwide.com
Withers Bergman LLP
430 Park Avenue, 10th Fl.
New York, New York 10022
Telephone: 212-848-9800

*Attorneys for Astor Defense LLC*