**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GLOBAL MILITARY PRODUCTS, INC.

Plaintiff,

v.

TRIPWIRE SOUTH, LLC, *et al.*,

Defendants.

Case No. 8:25-cv-02731-JLB-CPT

**DECLARATION OF TYLER J. GOSS**

I, Tyler J. Goss, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney duly licensed to practice law in the State of New York, and admitted *pro hac vice* in the Middle District of Florida in the above-captioned matter. I am an associate at the law firm of Withers Bergman LLP, counsel of record for Non-Party Astor Defense, LLC ("Astor LLC"). I make this declaration in support of Non-Party Astor LLC's Opposition to Defendant Tripwire South, LLC's ("Tripwire") Motion to Compel (ECF No. 67 ("Motion")), filed contemporaneously herewith.

2. On April 7, 2026, Astor LLC served Tripwire with its objections ("Objections") to the subpoena ("Subpoena") at issue in the Motion. *See* Mot., Ex. A.

3. After serving the Objections, I met and conferred with counsel for Tripwire on or about April 21, May 1, and May 13, 2026 via both telephone and Zoom in an effort to resolve Astor LLC's objections to the Subpoena.

4. During these calls, and among other objections, I raised that the Subpoena requires compliance at the offices of Tripwire's counsel—Taft Stettinius & Hollister LLP, 525 Okeechobee Blvd., Suite 900, West Palm Beach, FL 33401 (the "Place of Compliance")—which, as set forth below, I understand is 100 miles beyond both of Astor LLC's addresses.

5. First, using Google Maps, I calculated that the distance between the Place of Compliance and Astor LLC's registered agent (located at 115 N. Calhoun Street, Suite 4, Tallahassee, Florida 32301) is approximately 363 miles as the crow flies, and approximately 418 miles measured using roadways. I confirmed these measurements using a tool on a website called Mapdevelopers.com,[1] a screenshot of which is shown below:




1 Specifically, by clicking "Map Tools" and then the "Distance From To" tab on the homepage, I used the "Distance From To" tool to calculate the distances seen in the screenshots in paragraphs 5 and 6. *See* MAP DEVELOPERS, Distance To-From, https://mapdevelopers.com/distance_from_to.php (last accessed June 16, 2026).

6. Attached hereto as **Exhibit A** are true and correct copies of print outs of the Google Maps and Map Developer webpages (with highlighting) demonstrating the distances in paragraph 5 above.

7. Second, using Google Maps, I calculated that the distance between the Place of Compliance and Astor LLC's listed principal address (located at 15 Hargrove Grade, Palm Coast, FL 32137) is approximately 210 miles as the crow flies, and approximately 225 miles measured using roadways. *See* Mot., Ex. B. I confirmed these measurements using Mapdevelopers.com, a screenshot of which is shown below:




8. Attached hereto as **Exhibit B** are true and correct copies of print outs of the Google Maps and Map Developer webpages (with highlighting) demonstrating the distances in paragraph 7 above.

9. In addition to the distance deficiency, I further discussed with Tripwire's counsel the deficiencies Astor LLC outlines in the Objections. I also asked Tripwire's

counsel if they would provide a more specific set of documents and/or document list, that it sought, but Tripwire did not agree to provide a document list.

10. On May 15, 2026, I sent a detailed follow up email to Tripwire's counsel memorializing our meet and confer discussions and seeking further clarification on certain issues, including: (1) Tripwire's position and authority on its purported compliance with the "100-mile rule"; (2) why its withdrawal of Request No. 5 (which is the only Request it agreed to withdraw) would not also apply to the other Requests that seek documents from one of the parties to the litigation; (3) its position on "why the requested information from Astor Defense LLC is relevant"; and, (4) confirmation that Tripwire was not using the Subpoena to impermissibly obtain documents for its UK litigation. Attached hereto as **Exhibit C** is a true and correct copy of said email chain, dated April 30 to May 15, 2026.

11. In the same email, I raised, among other things, that the Subpoena was unduly burdensome because Tripwire had not yet completed seeking documents from the actual parties to the litigation, and memorialized from our discussions that Tripwire noted it "*simultaneously* served requests for production of documents on a party (Global) and a subpoena on a non-party (Astor Defense LLC)." Ex. C at 2 (emphasis added). In its response, Tripwire did not dispute that it had simultaneously served the Subpoena and discovery requests on the parties. *Id.* at 1.

12. Following their initial response to my email on May 15, 2026 (*id.*), in which counsel indicated they would consider the points in my May 15, 2026 email,

but believed they would need to move forward with the Motion, Tripwire's counsel did not respond further and filed the Motion on May 19, 2026.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 16, 2026, in New York, New York.

______________________________

Tyler J. Goss

# EXHIBIT A

## Distance From To

**Starting Address**

525 Okeechobee Blvd, West Palm Bea

**Ending Address**

115 N. Calhoun Street, Suite 4, Tallaha:

Calculate Distance

Straight line distance: 363.67 miles , 585.26 kilometers (km) , 1920151 feet , 585262 meters
Driving distance: 418.31 miles , 673.21 kilometers (km) , 2208703 feet , 673213 meters




You can share or return to this by using the link below

https://www.mapdevelopers.com/distance_from_to.php?&from=525%20Okeechobee%20Blvd%2C%20West%20Palm%20Beach%2C%20FL%2033401&to=115%20N.%20Calhoun%20Street%2C%20Suite%204%2C%20Tallahassee%2C%20Florida%2032301

Enter a city, a zipcode, or an address in both the **Distance From** and the **Distance To** address inputs. Click Calculate Distance, and the tool will place a marker at each of the two addresses on the map along with a line between them. The distance between them will appear just above the map in both miles and kilometers. The tool is useful for estimating the mileage of a flight, drive, or walk. Can easily determine the distance between 2 cities as well.

### Other tools to help with distance questions

In addition to this tool we also offer a couple other tools that can help find the distance on a map. You can use the mileage calculator (mileage_calculator.php) to compare the difference between driving or flying between 2 cities. If on the other hand you want to click multiple points on the map in order to find the distance of the entire line you can do that with the distance calculator (distance_finder.php). We are always trying to find better ways to provide you with the information you need. If you have a suggestion please let us know.

Google Maps

525 Okeechobee Blvd Ste 900, West Palm Beach, FL 33401 to 115 N Calhoun St Ste 4, Tallahassee, FL 32301

Drive 418 miles, 6 hr 2 min




Imagery ©2026 , Map data ©2026 INEGI, Google 20 mi

| | | |
|---|---|---|
| 🚗 | via Florida's Tpke and I-75 N<br>Fastest route, the usual traffic<br>⚠ This route has tolls. | 6 hr 2 min<br>418 miles |
| 🚗 | via I-95 N and I-10 W | 6 hr 29 min<br>447 miles |
| 🚗 | via Florida's Tpke | 6 hr 22 min<br>429 miles |

Explore new places along this route

Add suggested stops

























See more stops

Explore nearby 11

Measure distance
Total distance: 362.85 mi (583.95 km)

# EXHIBIT B

## Distance From To

**Starting Address**

525 Okeechobee Blvd, West Palm Bea

Calculate Distance

**Ending Address**

15 Hargrove Grade, Palm Coast, FL 32

Straight line distance: 210.24 miles , 338.36 kilometers (km) , 1110091 feet , 338356 meters

Driving distance: 225.17 miles , 362.38 kilometers (km) , 1188915 feet , 362381 meters




You can share or return to this by using the link below

https://www.mapdevelopers.com/distance_from_to.php?&from=525%20Okeechobee%20Blvd%2C%20West%20Palm%20Beach%2C%20FL%2033401&to=15%20Hargrove%20Grade%2C%20Palm%20Coast%2C%20FL%2032137

Enter a city, a zipcode, or an address in both the **Distance From** and the **Distance To** address inputs. Click Calculate Distance, and the tool will place a marker at each of the two addresses on the map along with a line between them. The distance between them will appear just above the map in both miles and kilometers. The tool is useful for estimating the mileage of a flight, drive, or walk. Can easily determine the distance between 2 cities as well.

### Other tools to help with distance questions

In addition to this tool we also offer a couple other tools that can help find the distance on a map. You can use the mileage calculator (mileage_calculator.php) to compare the difference between driving or flying between 2 cities. If on the other hand you want to click multiple points on the map in order to find the distance of the entire line you can do that with the distance calculator (distance_finder.php). We are always trying to find better ways to provide you with the information you need. If you have a suggestion please let us know.

Google Maps

15 Hargrove Grde, Palm Coast, FL 32137 to 525 Okeechobee Blvd, West Palm Beach, FL 33401

Drive 225 miles, 3 hr 16 min




Imagery ©2026 , Map data ©2026 INEGI, Google 20 mi

| | | |
|---|---|---|
| via I-95 S<br>Fastest route, the usual traffic | 3 hr 16 min<br>225 miles |
| via Florida's Tpke | 3 hr 44 min<br>250 miles |
| via FL-46 E and I-95 S | 3 hr 52 min<br>240 miles |

Explore new places along this route

Add suggested stops

























See more stops

Measure distance
Total distance: 210.68 mi (339.06 km)

Explore nearby 52

# EXHIBIT C

**Goss, Tyler**

---

**From:** Cory, James <JCory@taftlaw.com>
**Sent:** Friday, May 15, 2026 5:36 PM
**To:** Goss, Tyler
**Cc:** Crncevic, Jovana; 'aweiss@carltonfields.com'
**Subject:** Re: Astor Subpoena

Tyler,

I appreciate your below email. To be clear, many of the issues you raise were discussed on our first call, and you were given approximately 2 weeks to discuss with your client.

However, you have not requested, nor was it even mentioned in our recent calls, that we reissue the subpoena. Additionally, our previous call discussed only you requesting we limit the breadth of the request to certain documents, and you represented you would ask your client if they would do the same. I do not appreciate the misrepresentation of our dealings — especially given the professional courtesy I have given you in multiple extensions and conversations.

We have tried to meet and confer, you have been given over a month to make progress, and nothing has changed. I will consider your points in your email, however as stated, I believe we will simply have to move forward with our motion.

James


Taft/
**James Cory**
Associate
JCory@taftlaw.com
Dir: 561.472.2418
Tel: 561.655.2250
525 Okeechobee Boulevard, Suite 900
West Palm Beach, FL 33401

**Taft Bio**
**Download vCard**
**taftlaw.com**



**Now over 1,250 attorneys strong.**

Taft has expanded its service offerings by combining with Morris, Manning & Martin (Atlanta and Washington, D.C.), Mrachek Law (Florida), and Sherman & Howard (Mountain West). Learn more **here.**


---

**From:** Goss, Tyler <Tyler.Goss@withersworldwide.com>
**Sent:** Friday, May 15, 2026 5:21:48 PM
**To:** Cory, James <JCory@taftlaw.com>
**Cc:** Crncevic, Jovana <Jovana.Crncevic@withersworldwide.com>; 'aweiss@carltonfields.com'

<aweiss@carltonfields.com>
**Subject:** RE: Astor Subpoena

James,

Thank you for the email. As stated on the call, our statements and negotiations are, and have been, expressly subject to, and without waiver of, our objections served on April 7, 2026. Our client is again traveling so we are making our best efforts to get back to you with a firm answer by today. To the extent we do not get one today, can you please offer a day early next week?

Moreover, I would like to address some issues we have discussed, and would appreciate your responses to them, which are indicated at the end of the email:

Consistent with our discussions, we served our objections early because the subpoena facially violates the FRCP 45's 100-mile limit. We asked that Tripwire re-issue the subpoena providing a place of compliance that does not violate the 100-mile limit. Despite our various calls (e.g., on April 21, May 1, and May 13) where Astor Defense LLC has asked for the subpoena to be re-issued, Tripwire has refused to re-issue the subpoena to bring it into compliance with that rule. Per the cases cited in our objections, including the *Haniff* case, our position is that the "[s]ubpoena, as drafted, cannot be enforced . . . because it directs [Astor Defense LLC], to produce documents at a location beyond Rule 45(c)'s 100-mile geographical limit." *Haniff v. Clear Blue Ins. Co.*, 2024 WL 4605974, at *1 (M.D. Fla. Oct. 29, 2024). We have asked for a case or authority going the opposite way of this, and unless we have missed it, Tripwire has not provided us with any.

Separately, as we have reiterated on our calls, the subpoena is not only completely overbroad and seeks irrelevant information, but it poses an undue burden on Astor Defense LLC. As a threshold matter, and as you stated on our call, Global's Complaint and Tripwire's Answer and Counterclaims refer to Astor International Ltd., ***not*** Astor Defense LLC, which is the entity to which Tripwire directed the subpoena. These are, of course, two separate entities. You have provided no explanation as to the relevance of Astor Defense LLC to this case. And, as you know, to the extent Tripwire is making an end-run effort to obtain information regarding the international entity (ahead of the disclosure schedule in the English litigation between Tripwire and Astor International Ltd.) for a purpose not related to the present litigation, that is improper and gamesmanship.

Moreover, related to breadth, relevance and burden, Tripwire has simultaneously served requests for production of documents on a party (Global) and a subpoena on a non-party (Astor Defense LLC). As discussed during our calls, four of the nine Requests in the subpoena (i.e., Request Nos. 2, 3, 4, 7) seek information within the possession, custody and control of Global, which is **a party**, whereas Astor Defense LLC is not. Two of the remaining five Requests (i.e., Request Nos. 1 and 5) seek information within Tripwire's possession, custody and control. (We do note that Tripwire withdrew Request No. 5 during our meet and confer on April 21.) The overbreadth of the subpoena Requests, as well as simultaneously serving discovery on Global and Astor Defense LLC, demonstrates the imposition of a clear burden on Astor Defense LLC.

*In re Highground Holdings, LLC*, 2022 WL 4593088 (M.D. La. Sept. 29, 2022) (another case cited in Astor Defense LLC's objections) is instructive in this regard and virtually dealt with the same issue presented in the Requests above. The upshot of the holding is that, "party discovery" should take place <u>*first*</u> to determine what is needed from a non-party to avoid undue burden. *Id.* at *4. The Court found the subpoena burdensome based on requests identical to those propounded by Tripwire here. For example, the plaintiff there asked for "any 'communications' between [the party defendant] and [the non-party], including the exchange of business plans, business forecasts, and/or projections between those entities." *Id.* at *5. The Court did not enforce the subpoena because the sought-after information would "be in [the ***party defendant's***] possession, custody, or control." *Id.* The Court explained the plaintiff should first "demonstrate its efforts to obtain and identify such discovery ***from the parties in this litigation***. To the extent third party discovery from [the non-party] is warranted, it should be crafted in consideration of the analysis set forth above." *Id.* In our view, *Highground* spells out the burden, breadth, and other issues pretty clearly here.

Pursuant to the above, we would greatly appreciate your responses to these specific points:

1. It would be very helpful for you to share authority on the 100-mile rule. Our objections and the authority above lay out our position that the subpoena is facially invalid. And in my view our meet-and-confer efforts would benefit if you provided law going the other way so, if necessary, we can reconsider our position.

2. Given your withdrawal of Request No. 5 (which seeks "[a]ll communications between Astor Defense and Tripwire relating to payments, performance, or financial arrangements involving GMP") on the basis that those

communications are already in the possession of Tripwire, can you please explain why that same logic does not apply to Request Nos. 1, 2, 3, 4, 7, which also seek information in the possession of a party?

3. During our calls, you stated that the relevant pleadings refer to Astor International Ltd., not Astor Defense LLC. Principally on this basis, can you please summarize Tripwire's position as to why the requested information from Astor Defense LLC is relevant, or how Astor Defense LLC is relevant to these proceedings at all?

4. As you may know, Withers is representing Astor International in the English litigation and reserves the right to bring these matters – including this letter and any response or lack thereof, before the English Court. In connection with that, we note that the imposition of unnecessary discovery on an affiliate of Astor International risks creating procedural unfairness in the English litigation. In order that our English colleagues may consider this further please confirm whether:

    a. To the extent any documents are produced, your client will undertake not to use any documents disclosed pursuant to the subpoena for any collateral purpose, including but not limited to for purposes of the English litigation; and

    b. To the extent any documents are produced, your client is willing to share any production it makes in the US litigation with Astor Defense LLC and Astor International.

5. As indicated at the beginning of this email, we are hoping to get back to you as soon as possible as we are waiting to give you a firm position regarding your below email.

Thank you. Look forward to hearing from you.

All rights and objections are expressly reserved, and none are waived.

Best,
Tyler

**Tyler Goss**
Associate
Dispute Resolution
t +1 212 848 9869
withersworldwide.com | my profile

Client services contact: Barbara Lodovice t +1 619-358-1700

Withers Bergman LLP
430 Park Avenue, 10th Floor, New York, New York 10022-3505




---

**From:** Cory, James <JCory@taftlaw.com>
**Sent:** Wednesday, May 13, 2026 1:51 PM
**To:** Goss, Tyler <Tyler.Goss@withersworldwide.com>

**Cc:** Crncevic, Jovana <Jovana.Crncevic@withersworldwide.com>
**Subject:** RE: Astor Subpoena

Tyler,

Thanks again for taking the time to speak with me. Pursuant to our conversation, Astor will let us know by COB Friday whether they will agree to produce some list / set of documents. We will then consider that offer and, if necessary, file the Motion to Compel next week.

Thanks,
James

---

**From:** Cory, James <JCory@taftlaw.com>
**Sent:** Tuesday, May 12, 2026 4:13 PM
**To:** Goss, Tyler <Tyler.Goss@withersworldwide.com>
**Cc:** Crncevic, Jovana <Jovana.Crncevic@withersworldwide.com>
**Subject:** Re: Astor Subpoena

Let's do 1:30.

James

Get Outlook for iOS

---

**From:** Goss, Tyler <Tyler.Goss@withersworldwide.com>
**Sent:** Tuesday, May 12, 2026 4:02 PM
**To:** Cory, James <JCory@taftlaw.com>
**Cc:** Crncevic, Jovana <Jovana.Crncevic@withersworldwide.com>
**Subject:** RE: Astor Subpoena

James, my hearing ran late today, so could not fit it in.

Do you want to schedule a time for tomorrow? I am open between 1-3 and 330-430 as of now. Thanks.

**Tyler Goss**
Associate
Dispute Resolution
t +1 212 848 9869
withersworldwide.com | my profile

Client services contact: Barbara Lodovice t +1 619-358-1700

Withers Bergman LLP
430 Park Avenue, 10th Floor, New York, New York 10022-3505




---

**From:** Cory, James <JCory@taftlaw.com>
**Sent:** Tuesday, May 12, 2026 11:32 AM
**To:** Goss, Tyler <Tyler.Goss@withersworldwide.com>
**Cc:** Crncevic, Jovana <Jovana.Crncevic@withersworldwide.com>
**Subject:** RE: Astor Subpoena

I have calls from 2-5. Can we do after your hearing at 12?

Otherwise, tomorrow would work too.

James

---

**From:** Goss, Tyler <Tyler.Goss@withersworldwide.com>
**Sent:** Tuesday, May 12, 2026 11:25 AM
**To:** Cory, James <JCory@taftlaw.com>
**Cc:** Crncevic, Jovana <Jovana.Crncevic@withersworldwide.com>
**Subject:** RE: Astor Subpoena

James,

Thanks for the email and follow-up.

If you are available, I will give you a call later today, as I do now have an update for you. Is there a time that works? I have a hearing at 12pm and cannot do from 2-3pm.

Best,
Tyler

**Tyler Goss**
Associate
Dispute Resolution
t +1 212 848 9869
withersworldwide.com | my profile

Client services contact: Barbara Lodovice t +1 619-358-1700

Withers Bergman LLP
430 Park Avenue, 10th Floor, New York, New York 10022-3505




---

**From:** Cory, James <JCory@taftlaw.com>
**Sent:** Tuesday, May 12, 2026 9:12 AM
**To:** Goss, Tyler <Tyler.Goss@withersworldwide.com>
**Cc:** Crncevic, Jovana <Jovana.Crncevic@withersworldwide.com>
**Subject:** RE: Astor Subpoena

CAUTION: This email originated from an external source.
Tyler,

Following up once again. Absent what we agreed to on the call weeks ago, we will need to move to compel.

James

Taft/
**James Cory**
Associate
JCory@taftlaw.com
Dir: 561.472.2418
Tel: 561.655.2250 | Fax: 561.655.5537
525 Okeechobee Boulevard, Suite 900
West Palm Beach, FL 33401

**Taft Bio**
**Download vCard**
**taftlaw.com**

**Now over 1,250 attorneys strong.**

Taft has expanded its service offerings by combining with Morris, Manning & Martin (Atlanta and Washington, D.C.), Mrachek Law (Florida), and Sherman & Howard (Mountain West). Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Cory, James
**Sent:** Thursday, May 7, 2026 1:03 PM
**To:** tyler.goss@withersworldwide.com
**Subject:** RE: Astor Subpoena

Tyler,

Following up to see if you had spoken with your client / had any update.

Thanks,
James

---

**From:** Cory, James
**Sent:** Thursday, April 30, 2026 7:28 AM
**To:** 'tyler.goss@withersworldwide.com' <tyler.goss@withersworldwide.com>
**Subject:** Astor Subpoena

Good Morning Tyler,

A bit over a week ago we met and conferred regarding Astor's objections to Tripwire's Subpoena. I believe we said you would touch base/ provide an update / let me know what your client said by yesterday or today. Just wanted to follow up and touch base on the same as I did not hear from you yesterday.

Thanks,
James

---

**Withers Bergman LLP** - 4250 Executive Square, Suite 540, La Jolla, CA 92037 T: 858-756-4410 F:858-756-4386

Withers
London | Geneva | Milan | Padua
Hong Kong | Singapore | Tokyo | British Virgin Islands
New York | Greenwich | New Haven | Texas
San Francisco | Los Angeles | San Diego

This email (and any attachments) is confidential and may also be legally privileged. If you are not the intended recipient please immediately notify the sender then delete it from your system. You should not copy it or use it for any purpose nor disclose its contents to any other person.