**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| GLOBAL MILITARY PRODUCTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TRIPWIRE SOUTH, LLC, *et al.*,<br><br>Defendants. | Case No. 8:25-cv-02731-JLB-CPT |

**NON-PARTY ASTOR DEFENSE, LLC'S OPPOSITION TO**
**TRIPWIRE SOUTH, LLC'S RENEWED MOTION TO COMPEL**

Non-party Astor Defense, LLC ("Astor LLC") opposes Defendant Tripwire South, LLC's ("Tripwire") Renewed Motion to Compel Compliance with Subpoena Duces Tecum (ECF No. 81 (the "Motion")) and states as follows:

## I. PRELIMINARY STATEMENT

Tripwire's Motion—and the underlying subpoena it seeks to enforce (the "Subpoena" [1])—remain fundamentally defective, and the Court should deny the Motion in its entirety. After denying Tripwire's original motion to compel (ECF No. 79), based on Astor LLC's arguments in its original response thereto (ECF No. 78), the Court gave Tripwire the option to renew its motion, provided Tripwire both attached the underlying Subpoena as required, ***and*** "address[ed] . . . the concerns set forth in [Astor LLC's] response. . . ." (ECF No. 79.) In its renewed Motion, which

[1] ECF No. 81-3 ("Subpoena" or "Subp.").

Tripwire filed without meeting and conferring with counsel for Astor LLC,[2] Tripwire fails to address any of those concerns.

The Subpoena still suffers from two independently fatal procedural defects. ***First***, Tripwire filed its Motion in the wrong District again. The Federal Rules of Civil Procedure ("FRCP") and this Court's Civil Discovery Handbook require a movant seeking to enforce a discovery subpoena to file its motion with the court in the district where compliance is required. The Subpoena requires compliance in the Southern District of Florida, not this District, thus making this an improper venue to which Astor LLC does not consent. ***Second***, because the Subpoena requires compliance at the offices of Tripwire's counsel in West Palm Beach in the Southern District—more than 100 miles from Astor LLC's location—the Subpoena is facially invalid because it violates Rule 45's 100-mile geographical limit rule. Tripwire's repeated argument (without citation to any case law) that the Court can modify the Subpoena to permit either electronic production or production on a portable drive for pickup at Astor's Palm Coast place of business is unsupported, as such an exception would swallow the 100-mile rule. Tripwire addresses neither of these issues in its renewed Motion.

Even if those procedural defects did not continue to warrant immediate denial of the Motion (which they do), the Court should not enforce the Subpoena because the Subpoena imposes an undue burden on Astor LLC, and Tripwire fails to address

[2] After the Court denied Tripwire's original motion to compel (ECF No. 79), Tripwire did not meet and confer with counsel for Astor LLC prior to filing their renewed Motion, despite their representation to the contrary. (ECF No. 81 at 10.)

this concern at all in its renewed Motion. Specifically, the Subpoena facially seeks documents in the possession, custody, or control of actual parties to this litigation, and Tripwire has admitted it has not yet concluded its efforts to obtain those documents from the parties. Courts consistently find non-party subpoenas seeking documents that would be in the parties' possession are unduly burdensome, and that the Subpoena issuer must first attempt to obtain those documents from the parties. The Subpoena also seeks irrelevant information, and its Requests are overbroad and ambiguous. Tripwire mispresents the record by asserting that Astor LLC put forth no "affidavit or other concrete showing of burden. . . ." (ECF No. 81 at 8.) Not so. Mr. Turnbull specifically described the burden of the nonparty discovery in his Declaration, including by setting out the costs non-party Astor LLC would incur were it required to comply with Tripwire's burdensome Subpoena. (Turnball Decl. ¶ 6.) [3]

Beyond these procedural and substantive defects, it also appears that Tripwire is improperly pursuing this Subpoena to obtain early discovery in a ***separate*** litigation that Tripwire brought in the UK (just months prior to issuing the Subpoena) against other "Astor" entities (the "UK Litigation"). Importantly, Tripwire is ***not*** suing Astor LLC in the UK Litigation. Rather, it brings claims against Astor International Limited, Astor Defence Limited (the "Foreign Astor Entities"), and Mr. Henry Turnbull. In the Subpoena, Tripwire both defines Astor LLC overbroadly[4] to include "Astor [LLC,] including any parent, subsidiary, affiliate, division, officer, director,

---

[3] ECF No. 78-1 ("Turnball Decl.")
[4] This overbreadth violates FRCP 26 and 45.

employee, agent, or contractor acting on its behalf," and seeks "[a]ll communications between Astor [LLC] and Astor International Limited, and/or Henry Turnbull" in an attempt to capture the Foreign Aster Entities' documents in the Subpoena. (Subp. at §§ I.1, II.9.) Tripwire's efforts to seek early discovery for its separate UK Litigation in this Court are patently improper, harassing, and burdensome, and Tripwire fails to rebut in its renewed Motion Astor LLC's argument that the Subpoena is anything more than improper fishing expedition for the UK Litigation.

Tripwire is required to "take reasonable steps to avoid imposing undue burden or expense on [non-party Astor LLC]." *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020) (cleaned up). It has failed to do so. Instead of following procedural requirements, revising its Motion to address any of Astor LLC's arguments, and taking steps to avoid undue burden, Tripwire has stood on its defective Subpoena, ostensibly in an effort to end-run the disclosure rules in the UK Litigation to obtain an advantage there. The Motion should be denied.

## II. STATEMENT OF FACTS

### A. This Litigation and the UK Litigation

This case concerns a dispute between Plaintiff Global Military Products, Inc. ("GMP") and Defendants Tripwire, Ryan Morris, and Conan Higgins ("Defendants" and with GMP, the "Parties"). (ECF No. 39 ("Am. Compl.").) On March 4, 2026, GMP filed an Amended Complaint against Tripwire for Tripwire's alleged "false promises," including that after GMP and Tripwire signed a purchase order for TNT, "Tripwire failed to deliver on its promises and contractual obligations to GMP." (*Id.*

¶ 4.) GMP's Amended Complaint makes eight references to "Astor" generally—***not*** to Astor LLC, *i.e.*, the Subpoena recipient here. (*Id.* ¶¶ 66-72, 90, 104, 141.) Tripwire filed an answer and counterclaims against GMP. (ECF No. 42 ("Tripwire A&CC").) Like GMP, Tripwire does ***not*** mention Astor LLC specifically in its A&CC; rather, it refers only to Astor Defence Limited, one of the Foreign Astor Entities. (*Id.* at 16.)

At or around the same time that GMP commenced this lawsuit against Tripwire (*i.e.*, October 2025), Tripwire sued the Foreign Astor Entities in the UK Litigation, which is pending in the High Court of Justice, Kings Bench Division in the United Kingdom. *See Tripwire South LLC v. Astor International Limited, et al.*, No: KB-2025-003647. (Turnbull Decl. ¶ 2.) The UK Litigation is still at the pleading stage, and no disclosure has yet occurred. (*Id.* ¶ 5.) Tripwire's overbroad Subpoena to Astor LLC in this litigation appears to be an impermissible attempted end-run around the UK's disclosure laws to obtain early discovery for that litigation. (*Id.*)

### B. <u>The Instant Discovery Dispute</u>

On or about March 24, 2026, Tripwire served the Subpoena on Astor LLC's registered agent for service, Cogency Global, Inc., which is located at 115 N. Calhoun Street, Suite 4, Tallahassee, Florida 32301 (*i.e.*, in the Northern District of Florida). (Mot., Ex. A ("Obj.") at 1.) The Subpoena—which, among other various overbreadth and burden concerns, improperly defines Astor LLC as "including any parent, subsidiary, affiliate, [or] division" (Subp., at § I.1) so as to capture the Foreign Astor

Entities[5]—requests nine categories of documents (the "Requests") from Astor LLC. (*Id.* at § II.1-9.)

The Requests in the Subpoena are not only irrelevant, overbroad, vague, and ambiguous, as argued below, but they also seek information that is ***necessarily*** already in the possession of the Parties, making those Requests unduly burdensome as a matter of law. For example, four of the nine Requests (Request Nos. 2, 3, 4 and 7) seek information in Plaintiff ***GMP's*** possession, custody or control. (Subp. at § II.2 (seeking documents showing funds received from GMP); *id.* at § II.3 (seeking documents relating to escrow arrangements and payments involving GMP and Astor LLC); *id.* at § II.4 (seeking communications between Astor LLC and GMP); *id.* at § II.7 (seeking documents relating to any instruction, request, or inducement received from GMP concerning payments relating to Tripwire).) Similarly, two of the remaining requests (Request Nos. 1 and 5) seek information in ***Tripwire's*** possession, custody or control. (Subp. at § II.1 (seeking documents relating to payments between Astor LLC and Tripwire); *id.* at § II.5 (seeking communications between Astor LLC and Tripwire).)

Astor LLC served its Objections on Tripwire on April 7, 2026. (Goss Decl. ¶ 2.)[6] In its Objections, Astor LLC, raised that: (1) the "Subpoena is invalid and improper because its location of compliance violates FRCP 45's 100-mile limit." (Obj. at 1 ¶ 1); (2) the Subpoena is unduly burdensome, including by seeking information

---

[5] For clarity, Astor LLC's pin citations to the Subpoena which use roman numerals (e.g., "I" and "II") and numbers (e.g., 1, 2 and 3), refer to the numbering used in Exhibit A to the Subpoena.
[6] ECF No. 78-2 ("Goss Decl.").

obtainable by the Parties here; (3) the Subpoena is vague and overbroad; and, *inter alia*, (4) the Subpoena, seeks irrelevant information, including by seeking information for "other disputes," including the UK Litigation. (*See generally* Obj.)

Counsel for Tripwire and Astor LLC subsequently discussed the Subpoena by telephone and Zoom on April 21, May 1, and May 13, 2026 in an effort to resolve Astor LLC's objections without Court intervention. (Goss Decl. ¶ 3.) During those meet and confers, Tripwire conceded that Request No. 5, which seeks "[a]ll communications between Astor Defense and Tripwire relating to payments, performance, or financial arrangements involving GMP" should not have been included because it seeks information in the possession of a party, *i.e.*, Tripwire itself. (Goss Decl., Ex. C at 2-3.) But Tripwire did not agree to limit or amend anything else in the Subpoena, including the place of compliance. (*Id.*) In a continued effort to resolve the disagreement, Astor LLC asked for a specific list of documents Tripwire wanted, but Tripwire did not provide such a list. (*Id.* ¶ 9.)

On May 15, 2026, counsel for Astor LLC followed up with Tripwire via email. (*Id.*, Ex. C at 2.) In addition to reiterating Astor LLC's position and Objections, counsel sought further clarification from Tripwire on four issues, namely: (1) Tripwire's position and authority on its purported compliance with the "100-mile rule"; (2) why its withdrawal of Request No. 5 would not also apply to the other Requests that seek documents from one of the Parties; (3) its position on "why the requested information from Astor Defense LLC is relevant"; and, (4) confirmation that Tripwire is not using the Subpoena to impermissibly obtain documents for its UK

Litigation. (Goss Decl. ¶ 10; *id.*, Ex. C at 2-3.) Tripwire did not substantively respond. Rather, Tripwire's counsel stated they would "consider [the] points in [Astor LLC's] email," but "[they] believe[d] [Tripwire] [would] simply have to move forward with [its] motion." (*Id.*, Ex. C at 1.)[7] Without any further response, Tripwire filed its original motion (ECF No. 67) and Astor LLC opposed. (ECF No. 78.)

### C. This Court Denies Tripwire's Original Motion Without Prejudice

On July 15, 2026, this Court denied Tripwire's original motion without prejudice because of a procedural deficiency. (ECF No. 79 ("MTC Order").) The Court stated "[i]f Defendant elects to renew its motion, it shall address this deficiency, along with the concerns set forth in the non-party's response to the instant motion." (*Id.*) Before filing its renewed Motion, Tripwire did ***not*** meet and confer with counsel for non-party Astor LLC. Instead, five days after the MTC Order, it filed a substantially similar Motion that does not address Astor LLC's specific arguments. Rather, the Motion only re-hashes the generalized arguments made its original motion.

## III. LEGAL STANDARD

"For purposes of discovery, a party may subpoena information from a nonparty to litigation, but Federal Rule of Civil Procedure 45 protects the subpoena recipient by requiring the issuer to take reasonable steps to avoid imposing undue burden or

[7] Tripwire points out that Astor LLC may have made a typographical error in its Objections to Request Nos. 4 and 7. (Mot. at 6.) Tripwire never raised this issue during the meet and confers, and Astor LLC would have served amended responses and objections to clarify. Typographical error aside, Astor LLC stands on the substance of its Objections to Request Nos. 4 and 7.

expense on a person subject to the subpoena." *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020) (cleaned up). If a subpoena seeks the production of documents, it must designate a place of compliance "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. Proc. 45(C)(2)(A). With respect to "tak[ing] reasonable steps to avoid imposing undue burden or expense on a [non-party] subject to the subpoena," the FRCP mandates that "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

## IV. ARGUMENT

### A. Two Procedural Defects Warrant Denying the Motion to Compel

#### 1. Tripwire Brought the Motion in the Wrong District

The Motion should be denied because Tripwire brought the Motion in the wrong District. Despite Astor LLC raising this argument in its original response, the renewed Motion does not address this argument at all. FRCP 45(d)(2)(B)(i) provides "the serving party may move the court for the district *where compliance is required* for an order compelling production." *Id.* (emphasis added); *see* Fed. R. Civ. P. 45 (Advisory Committee Notes to the 2013 Amendments) ("[S]ubpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c)."); *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021) ("Federal Rule

of Civil Procedure 45 requires subpoena-related motions to be filed in the district where compliance with the subpoena is required.") (citing Fed. R. Civ. P. (d)(2)(B)(i)).[8]

Here, the Subpoena requires compliance at the offices of Taft Stettinius & Hollister LLP, 525 Okeechobee Blvd., Suite 900, West Palm Beach, FL 33401 ("Place of Compliance"), which is located in the Southern District of Florida. (Subp. at 1; Goss Decl. ¶ 4.) The Motion thus violates Fed. R. Civ. P. 45(d)(2)(B)(i) and should be denied because Tripwire filed it in this District, as opposed to the Southern District.

**2. The Subpoena Violates the 100-Mile Rule**

The Court should additionally deny the Motion because the Subpoena violates the 100-mile rule. FRCP 45(c)(2)(A) requires that a subpoena served on a non-party like Astor LLC command production "within 100 miles of where the person resides, is employed, or regularly transacts business in person." The Court gave Tripwire the opportunity to address this deficiency after the MTC Order. Tripwire did not do so. Rather than change the Place of Compliance, it doubled down by re-filing the Motion without meeting and conferring and without citing a single case in support of its three-sentence-long argument that electronic production or "pickup" of a drive at Astor LLC's headquarters can legally mitigate the Subpoena's procedural deficiency. (*See* Mot. at 8.)

[8] Section V.A of this Court's Civil Discovery Handbook provides the same. *See id.* ("A motion to quash or a motion to enforce a discovery subpoena must be filed with the court in the district where compliance is required."). For clarity, Astor LLC does not consent to transfer to this District.

Courts regularly refuse to enforce subpoenas that direct recipients "to produce documents at a location beyond Rule 45(c)'s 100-mile geographical limit." *Haniff v. Clear Blue Ins. Co.*, 2024 WL 4605974, at *1 (M.D. Fla. Oct. 29, 2024) (refusing to enforce subpoena that violated the 100-mile rule); *see also Wane v. Diallo*, 2020 WL 13413993, at *2-*3 (M.D. Fla. Dec. 14, 2020) (denying motion to compel where compliance was required outside of "Rule 45's 100-mile limit" and holding "[t]his defect alone renders Wane's subpoena infirm"); *see also Dou v. Carillon Tower/Chicago LP*, 2020 WL 5502345, at *2 (N.D. Ill. Sept. 11, 2020) (explaining that an "exception under which documents that can be produced via email are not subject to the rule's geographical limitations would entirely swallow the '100-mile rule' set forth within Rule 45."); *In re Highground Holdings, LLC*, 2022 WL 4593088, at *3 (M.D. La. Sept. 29, 2022) (similar).

Here, the Place of Compliance in West Palm Beach is far beyond 100 miles from the location of Astor LLC's registered agent, Cogency Global, Inc. (115 N. Calhoun Street, Suite 4, Tallahassee, Florida 32301). (Goss Decl. ¶¶ 5-6.; *id.*, Ex. A.)[9] The Place of Compliance is also beyond 100 miles from where Tripwire alleges Astor LLC conducts business: 15 Hargrove Grade, Palm Coast, FL 32137. (Mot. at 2, Ex. B; *see also* Goss Decl. ¶¶ 7-8; *id.*, Ex. B.) Tripwire appears to concede as much. (Mot. at 2-3.) To get around this, Tripwire, again, asks the Court to "modify" the Subpoena

[9] The Court can take judicial notice of these distances under FRCP 201(b)(2), 201(c)(2). *Pennington v. CGH Techs., Inc.*, 2021 WL 4935677, at *2 (M.D. Fla. Sept. 17, 2021) ("The Court finds it is proper to take judicial notice of distances between two known points by relying on Google Maps, because such distances can be determined from sources whose accuracy cannot reasonably be questioned.").

under FRCP 45(c) to require production of documents via email or on a flash drive. (Mot. at 3, 8.) But various courts have explicitly rejected that approach because that exception "would entirely swallow the '100-mile rule' set forth within Rule 45." *Dou*, 2020 WL 5502345, at *2; *Haniff*, 2024 WL 4605974, at *1 (noting lack of identified "authority for the proposition that the production of documents can be made to an email address to avoid application of the 100-mile geographical limit rule.").

Accordingly, the Court should deny the Motion because the Subpoena is facially invalid for failure to comply with the 100-mile rule.

### B. Substantive Defects in the Subpoena Warrant Denial Because the Subpoena Places Undue Burden and Expense on Astor LLC

Even if the Court declines to deny the Motion on procedural grounds (it should), the Court should deny the Motion because Tripwire has failed to take "reasonable steps to avoid imposing undue burden or expense on [Astor LLC]." *Jordan*, 947 F.3d at 1329. Tripwire plainly fails to address this "concern[]" (ECF No. 79) in the four sentences it dedicates to this topic in its renewed Motion. (Mot. at 8-9.)

"A nonparty may object and move to quash a subpoena on the ground that it imposes an undue burden." *Sea Tow Servs. Int'l, Inc. v. Hurley*, 2026 WL 847877, at *1 (M.D. Fla. Mar. 27, 2026) (first citing *Costa v. Metro. Life Ins. Co.*, 2018 WL 1635642 at *5 (M.D. Fla. Apr. 5, 2018) then citing Fed. R. Civ. P. 45(d)(3)(A)(iv)). [10] "To determine whether a subpoena imposes an undue burden, the court must consider at

[10] Astor LLC's Objections in this regard are not "boilerplate," (Mot. at 4-5, 8) and Astor LLC properly stated and made its relevancy objections made. And, again, Tripwire did not discuss these issues in detail during the meet and confer efforts.

least six factors: (1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Rose v. T-Mobile USA, Inc.*, 2024 WL 3103662, at *4 (M.D. Fla. June 24, 2024) (cleaned up). "The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry." *Jordan*, 947 F.3d at 1337 (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.") (footnote omitted)). As discussed below, these factors weigh in favor of denying the Motion.

**1. The Burden on Astor LLC Warrants Denial of the Motion**

The burden the Subpoena imposes on Astor LLC (*i.e.*, factor 6 above) heavily favors denying the Motion. *Rose*, 2024 WL 3103662, at *4 ("burden imposed" is factor in undue burden analysis). The Subpoena imposes an undue burden on Astor LLC because Tripwire can readily obtain the information it seeks in the Subpoena from the "parties to the case," but did not first seek to do so. *Sea Tow Servs. Int'l, Inc.*, 2026 WL 847877, at *2 (denying motion to compel where subpoena requested non-party to produce documents available from parties in the case); *Paxton v. Landesk Software, Inc.*, 332 F.R.D. 368, 369 (M.D. Fla. 2019) (refusing to enforce subpoena on non-party because "[d]efendant [failed to] sufficiently explain[] why certain information, such as Plaintiff's current compensation, cannot be obtained directly from Plaintiff");

*StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.*, 2014 WL 12621582, at *2 (M.D. Fla. June 13, 2014) (quashing non-party subpoena because "the parties have not produced documents to each other yet, and because the non-party requests propounded are overbroad and burdensome"). The renewed Motion's ostensible one-sentence effort to address this argument is unavailing, and this failure warrants denial. (Mot. at 9.)

The court's discussion in *In re Highground Holdings, LLC*, 2022 WL 4593088 (M.D. La. Sept. 29, 2022), is instructive. In *In re Highground*, the court refused to enforce a subpoena to a non-party because the issuing party did not first seek to obtain the documents from the actual parties to the case. *Id.* at *5 ("[I]t is again the responsibility of MMR to first obtain documents from a less burdensome source, namely the actual defendants in this action."). The court noted that the issuing party should first "demonstrate its efforts to obtain and identify such discovery from the parties in this litigation." *Id.*

Here, Tripwire has admitted that it did not first seek its sought discovery from the Parties to the case. During Astor LLC's meet and confers with Tripwire, Tripwire represented that it served the Subpoena on non-party Astor LLC at the same time as it served the discovery requests on GMP. (Goss Decl., Ex. A at 2 ("Tripwire has simultaneously served requests for production of documents on a party (Global) and a subpoena on a non-party (Astor Defense LLC).").) And as noted above, Request Nos. 1, 2, 3, 4, 5 and 7 all seek information in the possession, custody or control of one of the Parties (*supra* at p. 6), and thus "the sought after documentation should be available to [Tripwire] through Rule 34 requests to the [Parties][.]" *Sea Tow Servs. Int'l,*

*Inc.*, 2026 WL 847877, at *2. Tripwire conceded as much when it agreed to withdraw Request No. 5, which seeks *its own communications from Astor LLC*, by asking for "[a]ll communications between Astor Defense and Tripwire relating to payments, performance, or financial arrangements involving GMP." (Goss Decl. ¶ 10.)[11]

The Subpoena is additionally unduly burdensome because, as discussed above, Tripwire apparently issued it for the improper and harassing purpose of obtaining early discovery for its UK Litigation against *different* Astor entities. (Turnbull Decl. ¶ 5; Goss Decl., Ex. C at 3 ("[W]e note that the imposition of unnecessary discovery on an affiliate of Astor International risks creating procedural unfairness in the English litigation.").)

**2. The Lack of Relevance Warrants Denial of the Motion**

"[The] [lack of the] relevance of the information requested," *Rose*, 2024 WL 3103662, at *4, (*i.e.*, factor one above) also weighs in favor of denying the Motion. *Cf. Hoffman*, 2024 WL 5111899, at *1 ("The party moving to compel discovery bears the initial burden of proving relevance."). Again, Tripwire failed to comply with the Court's Order to address Astor LLC's "concerns" in its original response because, like the procedural and substantive issues identified above, Tripwire's two-sentence

[11] Tripwire's own arguments underscore the point that Tripwire is seeking from nonparty Astor LLC documents within the parties' possession, custody, and control. It argues these Requests are "central" because they seek "communications between Astor and GMP" (which are in GMP's possession), "documents regarding GMP's instructions about the timing or routing of payments" (same), and documents to determine "whether Astor was dealing directly with GMP" (same) (Mot. at 6-7, 8). Also, Tripwire relies heavily on the allegation made by GMP that "Mr. Morris instructed GMP to 'send an [End User Certificate] direct to Astor" (Am. Compl. ¶ 104.) But Tripwire can get these documents from GMP or Morris.

argument pertaining to relevance, asserting that "Astor's own records . . . are uniquely its own," (Mot. at 9) does not establish the Requests seek relevant information.

In the Motion, Tripwire continues to argue that the Requests—directed to Astor LLC—are relevant because "the Subpoena seeks documents from an entity at the center of the factual disputes plead *by both sides*." (Mot. at 3.) But contrary to Tripwire's suggestion, non-party Astor LLC is ***not*** at the "center" of this dispute. (Turnbull Decl. ¶ 4.) The Amended Complaint refers only to "Astor" generally, not specifically to Astor LLC. (Am. Compl. ¶¶ 67-69, 72, 91, 104, 141.) And Tripwire's express reference to "***Astor Defense Limited***" in its pleading (Tripwire A&CC at 16) (emphasis added), confirms Astor LLC is not the relevant entity here.

Indeed, Tripwire argues that the Requests are relevant because they "bear directly on Tripwire's defenses and counterclaims that GMP interfered in the supplier relationship and attempted to bypass or alter the contemplated supply chain." (Mot. at 6.) But Tripwire's *actual* pleading in this regard alleges that "GMP wrongfully interfered with Tripwire's supplier relationships, including ***Astor Defense Limited*** and Operational Support Services." (Tripwire A&CC at 16.) Thus, Tripwire's argument that Astor LLC is relevant to this dispute fails, and its Subpoena to Astor LLC necessarily seeks irrelevant information.

Additionally, Tripwire failed to carry its "burden . . . to show the relevancy of the discovery request." *Am. Fed'n of State, Cnty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 477 (S.D. Fla. 2011) (citation omitted). In its Motion, Tripwire argues in only a conclusory fashion that Requests 4-9 are purportedly relevant, and

does not even discuss why Requests 1-3 would be relevant. (Mot. at 6-7.) Moreover, because the Motion and the pleadings refer to totally separate entity, not Astor LLC, the Subpoena is inherently a "fishing expedition," and the "discovery rules," particularly in the context of non-parties, "do not permit the [parties] to go on a fishing expedition." *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006).

For example, the *In re Highground Holdings, LLC* court noted that while the requests there, which sought "communications and transmission of documents evidencing that the defendants in the underlying action . . . provided allegedly misappropriated information to Highground would fall within the scope of discovery"—it nevertheless refused to enforce the subpoena because the issuer did not "set forth any documentation indicating that any such communications or transmissions of information were made." *In re Highground Holdings, LLC*, 2022 WL 4593088, at *4. Much like that dispute, Tripwire (as evidenced by its claims against Astor International and Astor Defence Limited in the UK Litigation), named the wrong Astor LLC party in its Subpoena, and has failed to "set forth any documentation," *id.*, substantiating its speculative relevancy claims. Thus, the Motion should be denied because "[Tripwire] is merely speculating at this point in the litigation regarding the relevance of information held by [Astor LLC]." *Id.*

**3. The Requests Are Overbroad and Ambiguous**

Even if the Requests were relevant (they are not), the Subpoena's overbreadth and lack of particularity (*i.e.*, factors three and five above) warrant denial of the Motion. *Rose*, 2024 WL 3103662, at *4 ("[B]readth of the document request" and

"particularity with which the party describes the requested documents" are factors in undue burden analysis); *Hoffman*, 2024 WL 5111899, at *2 ("Where Hoffman does hit a relevant topic, his requests are otherwise objectionable for covering an unreasonable time-period or requesting a disproportionate amount of information.").

Each Request seeks "all" documents or communications "relating to" a certain subject matter. (Subp. at § II.1-9.) This formulation is necessarily overly broad. *Sheets v. Sorrento Villas, Section 5, Ass'n, Inc.*, 2016 WL 11493318, at *3 (M.D. Fla. May 9, 2016) (holding that "[d]efendants have not established why they need 'all documents'"); *Gonzalez v. Springs of Lady Lake ALF, L.L.C.*, 2011 WL 13302410, at *1-*2 (M.D. Fla. Mar. 10, 2011) (finding subpoenas seeking "[a]ny and all records relating to employment" overbroad); *Paxton v. Landesk Software,* 332 F.R.D. 368, 369 (finding requests with "related to" construction were not relevant or proportional to the needs of case, and opining: "Defendant has made no attempt to limit the scope of each subpoena to such documents, or to otherwise tailor each subpoena to each employer to prevent requesting irrelevant information") (footnote omitted). As the most egregious example, Request No. 9 seeks "[a]ll communications between Astor [LLC] and Astor International Limited, Astor Defence Limited, and/or Henry Turnbull," without any subject matter limitation. (Subp. at § I.1.) *See, e.g.*, *Cadle v. Geico Gen. Ins. Co.*, 2014 WL 12621189, at *3 (M.D. Fla. May 28, 2014) (quashing subpoena requesting all documents regarding the underlying lawsuit because defendant "made no effort to tailor the [s]ubpoena to the issues in [the] case").

The Requests also lack particularity and are ambiguous. They seek documents

or communications "relating to" broad swaths of categories of documents (which themselves do not make clear what Tripwire actually seeks from Astor LLC), such as documents "relating to" the "redirection of funds" or "relating to" the "handling of payments." (*See generally* Obj.) These are unintelligible. Despite Astor LLC's request for Tripwire to provide a specific list of documents or document categories that it seeks in an attempt to avoid motion practice, it did not do so, and has, again, failed in its Motion to "provide supporting documentation to substantiate such a broad search." *Gonzalez*, 2011 WL 13302410, at *2; *see Earley v. Champion Int'l Corp*, 907 F.2d 1077, 1085 (11th Cir. 1990) ("[The] vague possibility that loose and sweeping discovery might turn up something . . . does not show a particularized need and likely relevance[.]").

In sum, the Subpoena and the Requests are substantively deficient. They necessarily pose an undue burden on Astor LLC, seek irrelevant information, are overly broad, and lack the particularity needed when requesting documents from non-party. Even if the Subpoena is enforceable as a procedural matter (it is not), the Court should deny the Motion for these reasons.

### C. <u>Even if the Subpoena Is Enforceable, The Court Should Award Astor LLC its Costs and Fees, and Enter a Protective Order</u>

Alternatively, even if the Court is inclined to compel production despite the procedural and substantive infirmities described above, Astor LLC respectfully requests the Court, pursuant to Fed. R. Civ. P. 45(d)(1), fix its costs and fees to cover its production. *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 2016 WL 1658765, at

*5 (S.D. Fla. Apr. 26, 2016); *U.S. v. McGraw Hill Cos., Inc.*, 302 F.R.D. 532, 537 (C.D. Cal. 2014) (holding cost-shifting briefing to take place after production).

As set forth in Mr. Turnbull's Declaration filed herewith, depending on the outcome of the Motion, Astor LLC's costs may vary. Thus, the Turnbull Declaration sets forth the anticipated costs based on, *inter alia*, "the scope of the subpoena, the estimated man-hours and costs associated with producing the requested documents." *Miami-Dade Cnty. v. Johnson Controls, Inc.*, 2011 WL 1548969, at *4 (S.D. Fla. Apr. 21, 2011) (awarding costs to nonparty because of the "burdensomeness of the subpoena"). If any production is ordered (none should be), Astor LLC respectfully requests the chance to submit further briefing to obtain reimbursement of its costs once they are actually incurred. *See, e.g.*, *McGraw Hill Cos., Inc.*, 302 F.R.D.at 537 ("[A]fter documents have been produced . . . the Court will review motions for cost-shifting[.]").

Finally, if the Court orders production (it should not), Astor LLC respectfully requests that the Court permit Astor LLC an opportunity to negotiate a protective order with Tripwire before any production is made, *inter alia*, protecting sensitive information and prohibiting Tripwire from using the produced material outside of this litigation, or sharing it with anyone to give itself an advantage in the UK Litigation.

## V. <u>CONCLUSION</u>

Astor LLC respectfully requests that the Court deny the Motion in its entirety. Alternatively, Astor LLC requests a protective and/or confidentiality order, and for the Court to require Tripwire reimburse its costs and fees.

Dated: August 3, 2026

Respectfully submitted,

*/s/ Tyler J. Goss*
Tyler J. Goss (*pro hac vice*)
tyler.goss@withersworldwide.com
Withers Bergman, LLP
430 Park Avenue, 10th Fl.
New York, New York 10022
Telephone: 212-848-9800

Aaron S. Weiss (FBN 48813)
aweiss@carltonfields.com
Carlton Fields, P.A.
700 NW 1st Avenue, Suite 1200
Miami, FL 33136
Tel: 305-530-0050

Attorneys for Non-Party Astor Defense LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of August, 2026, a true and correct copy of the foregoing document was electronically transmitted to all counsel of record via the CM/ECF system.

*/s/ Tyler J. Goss*
Tyler J. Goss